IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GIANNI CRUEL,<br>　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>EXPERIAN,<br>TRANSUNION, and<br>EQUIFAX,<br>　　　　　　　　Defendants. | CIVIL ACTION<br><br><br><br>NO.  22-5236 |

MEMORANDUM

**HODGE, J.**                                                                                                                                June 22, 2023

**I.      INTRODUCTION**

Plaintiff asserts a claim under the Fair Credit Reporting Act against all Defendants Experian, Trans Union, and Equifax, alleging that Defendants are reporting inaccurate and negative items on their consumer credit report and reporting information that Plaintiff did not give consent or permission to report.  (ECF No. 1.)  Specifically, Plaintiff alleges that their reputation has been tainted due to inaccurate and unfair items on their consumer credit report and they have been unable to extend their credit, causing "depression, no stability, no transportation, no value, and no confidence."  (*Id.* at 3–4.)  As relief, Plaintiff seeks correction of their credit files and $80,000 in monetary compensation.  (*Id.*)

Presently before the Court is Defendant Equifax's motion to dismiss, which was joined by Defendants Trans Union and Experian.  (ECF Nos. 9, 11, 14.)  Plaintiff opposes the motion.  (ECF No. 16.)  For the reasons that follow, the Court grants the motion to dismiss with prejudice.

II.     **BACKGROUND**

   A.     **Factual Background**[1]

As the Court writes only for the parties, the Court recites only the facts that are necessary to resolve the current motion before the Court. Additionally, for the sole purpose of ruling on the pending motion, the Court will treat the facts alleged in Plaintiff's response in opposition to the motion to dismiss as pleaded facts.

Plaintiff alleges that Defendants report inaccurate personal information. Defendants report Plaintiff's name with or without Plaintiff's middle initial: Experian reports "GIANNI CRUEL," while Trans Union and Equifax report "GIANNI A. CRUEL." (ECF No. 16 at 2.) Similarly, Defendants report the name of Plaintiff's employer with slight differences: Experian reports Plaintiff's employer as "CORNLINE SMITH JR TREM TREMIR," while Trans Union and Equifax report "TREMIR LLC." (*Id.*)

Plaintiff further alleges that Defendants report inaccurate account information. Plaintiff presents information on three accounts: the Capital One Account, the Santander Account, and the Wells Fargo Account. (*Id.* at 2–3.) For each account, Plaintiff alleges that Defendants inconsistently report the dates the accounts were opened and whether a payment was made. (*Id.*) Specifically, for the Capital One and Santander Accounts, the discrepancy is whether a Defendant reports that a payment was made in the same month that the account was opened. (*Id.*) For the Wells Fargo Account, Plaintiff alleges that Defendants inconsistently report the date the account was opened, and Defendants report inaccurate information regarding whether a payment was made throughout the year in 2021 and whether there was an account charge off in December 2019. (*Id.*) Further, Plaintiff does not request a correction for the inaccurate information, instead Plaintiff

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

states that the inaccurate account must be removed, presumably from Plaintiff's credit report entirely. (*Id.*)

### B. Procedural History

On December 29, 2022, Plaintiff initiated this action as a *pro se* litigant. (*See generally* ECF No. 1.) On January 24, 2023, Defendant Equifax filed a motion to dismiss, arguing, among other things, that Plaintiff fails to state a claim because "Plaintiff did not, and cannot, plausibly plead an inaccuracy in Equifax's reporting" and "Plaintiff did not, and cannot, plausibly plead that Equifax issued a consumer report of the type requiring a consumer's explicit consent." (ECF No. 9 at 1.) Defendant Trans Union joined Defendant Equifax's motion to dismiss, adding Plaintiff's allegations are "sparse and conclusory," Plaintiff fails to "identify any required 'inaccurate information,'" that amendment would be futile, and Plaintiff's claims are frivolous and remarkably similar to other pending *pro se* complaints within this Court. (ECF No. 11 at 1–3.) Defendant Experian also joined Defendant Equifax's motion to dismiss. (ECF No. 14.) Defendants also include a request for attorney's fees and other relief as the Court deems just and proper. (*See* ECF Nos. 9, 14, 18.) Plaintiff opposes the motion. (ECF No. 16.)

## III. LEGAL STANDARD

In assessing whether Plaintiff has alleged claims upon which relief may be granted, the Court applies the standard applicable to Rule 12(b)(6) motions. A plaintiff's complaint must provide merely a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations." *Id.* at 679. Further, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Because Plaintiff proceeded *pro se*, the Court shall construe their pleadings liberally. *Berkery v. Verizon Commc'ns Inc*, 658 F. App'x 172, 174 (3d Cir. 2016) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013).

## IV. DISCUSSION

The Fair Credit Reporting Act ("FCRA") "was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (internal quotations and citation omitted). Section 1681e(b) of the FCRA generally requires consumer reporting agencies ("CRAs") to follow reasonable procedures for the accuracy of information in consumer reports they issue to third parties. *See generally* 15 U.S.C. § 1681e(b). To state a claim under the FCRA, Plaintiff must first allege that "inaccurate information was included in a [consumer report.]" *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996); *see also Angino v. Trans Union, LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("[W]e can assume that absent any indication that the information is inaccurate, [Section 1681i] does not mandate further investigation." (internal quotation omitted)). "Information is 'inaccurate' within the meaning of the FCRA if it is incorrect or 'misleading in such a way and to such an extent that it can be expected to have an adverse effect.'" *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 298 (E.D. Pa. 2021) (quoting *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014)). But "where the court views the information

in its entirety and determines that only one reasonable interpretation of the report exists, a court may determine a report's accuracy as a matter of law." *Id.* (citing *Gibbs v. Trans Union LLC*, No. 2:21-CV-00667-JDW, 2021 WL 4439546, at *2 (E.D. Pa. Sept. 28, 2021), aff'd, No. 22-1075, 2023 WL 193157 (3d Cir. Jan. 4, 2023)).  In assessing the information in a consumer's credit report, a court must view the information "through the lens of a person in a position to make an adverse decision based on a credit report, i.e., a creditor." *Bibbs v. Trans Union LLC*, 521 F. Supp. 3d 569, 574 (E.D. Pa. 2021), aff'd, 43 F.4th 331, 340 (3d Cir. 2022).  *See also Holland*, 574 F. Supp. 3d at 298 (citing *Dickens v. Trans Union Corp.*, 18 F. App'x 315, 318 (6th Cir. 2001)) ("In other words, it does not matter whether the report is inaccurate or misleading in the *consumer's* opinion.").

     Here, Plaintiff uses the Court's preprinted form and alleges that Defendants violated the Fair Credit Reporting Act by reporting allegedly "inaccurate and negative items" on their consumer credit report without their "consent/permission." (ECF No. 1 at 3.)  In the narrative section of Plaintiff's Complaint, Plaintiff alleges, "I have not been able to extend my credit due to inaccurate and negative items being reported on my consumer credit report," but Plaintiff does not provide any details regarding what items on their credit reports were inaccurate or negative.  (*Id.*)  Plaintiff's Complaint also does not include any facts regarding attempts to extend their credit or any subsequent denials.  Plaintiff further alleges, "I did not give these reporting agencies any consent/permission to report any information furnished on my report," but Plaintiff's Complaint does not specify what information they are referring to or if Plaintiff is referring to any and all information on their credit reports.  (*Id.*)  Based solely on Plaintiff's Complaint, the insufficiency of the facts alleged warrant dismissal.

Further, permitting Plaintiff to amend the Complaint would be futile. The Supreme Court's decision in *Foman v. Davis* guides a court's decision about whether to permit an amended complaint. 371 U.S. 178, 182 (1962). A court may deny leave to amend based on undue delay, bad faith or dilatory motive on the part of the party seeking amendment, repeated failure to cure deficiencies by amendments previously allowed, prejudice to the opposing party, and futility. *Id.* "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). Here, Plaintiff alleges additional facts in their response to Defendants' motion to dismiss. (ECF No. 16.) In their response, Plaintiff alleges that Defendants report inaccurate and/or inconsistent information regarding Plaintiff's name, the name of Plaintiff's employer, dates accounts were opened, and payment history. (ECF No. 16 at 2–3.) Even if the Court accepts the response in opposition as pleaded facts, Plaintiff still fails to sufficiently state a claim.

Plaintiff points to inconsistent information between the three Defendants as evidence that the information is inaccurate; however, Plaintiff does not allege any facts regarding what the accurate information actually is. Further, the Court agrees with Defendants that "a claim under the FCRA is only actionable if a consumer reporting agency fails to maintain reasonable procedures regarding its reporting of information that *bears on a consumer's creditworthiness*." (ECF No. 18 at 4–5 (citing a string of cases holding that the disputed inaccuracies must cause an adverse impact on a plaintiff's creditworthiness to be actionable under the FCRA) (emphasis in original).) Here, the allegedly "inaccurate" information is not "incorrect or 'misleading in such a way and to such an extent *that it can be expected to have an adverse effect*.'" *Holland*, 574 F. Supp. 3d at 298 (quoting *Seamans*, 744 F.3d at 865) (emphasis added). As such, the Court agrees

with Defendants' argument that minor inconsistencies regarding Plaintiff's middle initial or employer's name do not bear on Plaintiff's creditworthiness from the perspective of a creditor. In addition, Plaintiff's response in opposition remains deficient in that Plaintiff fails to allege facts demonstrating that the inconsistences regarding dates accounts were opened and payment history affected Plaintiff's creditworthiness—Plaintiff does not allege any facts regarding attempts to extend their credit or any subsequent denials. Finally, the FCRA does prohibit the inclusion of certain information in a consumer report without the express consent of the consumer, *see, e.g.*, 15 U.S.C. § 1681b(g)(1)(A), (B) (CRAs prohibited from including certain medical information in consumer reports furnished for insurance or employment/credit purposes, respectively, absent the consent of the consumer). However, Plaintiff's response in opposition remains deficient in failing to specify what information was included on their credit report without consent or if Plaintiff is referring to any and all information on their credit reports.

Therefore, Defendants' motion to dismiss Plaintiff's claims under the FCRA is granted.

## V. CONCLUSION

For the foregoing reasons, the Court dismisses the claims against Defendants Equifax, Trans Union, and Experian with prejudice. Further, the Court denies Defendants' request for attorney's fees and other relief. An appropriate order follows.

BY THE COURT:

/s/ Hon. Kelley B. Hodge

**HODGE, KELLEY B., J.**